# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| TIMOTHY WEBB ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **Docket No. _____** |
| ) | |
| ) | |
| STEVE YAGGY SPECIALIZED ) | |
| TRUCK SERVICE, INC. ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW, the Plaintiff, (hereinafter: the "Plaintiff"), by and through his counsel of record, Henry S. Queener, III, of Queener Law, and Kevin S. Brummett of Howe & Associates, and files this Complaint for personal injuries received at the hand of the Defendant as follows:

### I. PARTIES

1. The Plaintiff is a resident of Sumner County, Tennessee.

2. The Defendant, Steve Yaggy Specialized Truck Service, Inc., (hereinafter: the "Defendant Motor Carrier") was the lessee of a 2007 Peterbilt tractor/power unit, VIN number 1XPHDU9X37D732171 (hereinafter: the "2007 Peterbilt") on or about May 27, 2021.

3. On or about May 27, 2021, at about 12:35 PM CDT the 2007 Peterbilt was pulling a cargo tank.

1

4. On or about May 27, 2021, at about 12:35 PM CDT the 2007 Peterbilt was being driven by Shawn Roberson (hereinafter: the "Defendant Driver").

5. On or about May 27, 2021, at 12:35 PM CDT, Shawn Roberson was in the course and scope of his employment/agency with the Defendant Motor Carrier and was on or about the business of the Defendant Motor Carrier.

6. On or about May 27, 2021, the Defendant Motor Carrier had the following United States Department of Transportation Number: 291671.

7. On or about May 27, 2021, the US DOT Number 291671 was on the side of the 2007 Peterbilt.

8. On or about May 27, 2021, the Defendant Motor Carrier was a "motor carrier" (as this term is defined in 49 CFR § 350.105) of the 2007 Peterbilt.

9. The Defendant Motor Carrier is an entity created under the laws of the state of Minnesota.

10. On May 27, 2021, the Defendant Motor Carrier was a duly authorized corporation with a principal place of business located at 6978 10th Avenue SW, Rochester, MN 55902.

11. The Defendant Motor Carrier's "blanket company" as reported to the United States Department of Transportation is Truck Process Agents of America, Inc. Truck Process Agents of America, Inc.'s sub-agent in Tennessee is Lisa Blackwell at 1477 Joppa Road, Walling, TN 38587. The Defendant can be served via its blanket company's sub-agent Lisa Blackwell.

## II. JURISDICTION AND VENUE

12. The Plaintiff's causes of action arise in tort under and by virtue of the laws of the State of Tennessee for the damages they sustained as a result of an automobile collision on or about May 27, 2021, in Cheatham County, Tennessee.

13. Subject matter jurisdiction over this action is proper pursuant to 28 U.S.C. §1332.

14. Venue for a trial on the merits in this court is proper, in part, because the wreck at issue happened in Cheatham County, Tennessee which is in the Middle District of Tennessee, Nashville Division.

## III. FACTUAL ALLEGATIONS

15. At all times relevant to this complaint, the Plaintiff was traveling on Interstate 24, eastbound, in Cheatham County, Tennessee.

16. At all times relevant to this complaint, the Defendant Driver was operating the 2007 Peterbilt on Interstate 24, eastbound, in Cheatham County, Tennessee.

17. Interstate 24 at the scene of the collision was dry.

18. It was daylight at the time and place of the collision.

19. There was no weather phenomenon impeding the Defendant Driver's view of the road before him.

20. The Plaintiff was proceeding at a lawful speed on Interstate 24 at the time of first contact between the vehicles.

21. Before contact occurred between the vehicles the Defendant Driver was traveling behind the Plaintiff.

22. The Defendant Driver then negligently and without warning ran into the rear end of the Plaintiff's vehicle, causing a collision between the vehicles and serious

personal injury to the Plaintiff.

23. The Defendant Driver's view of the traffic and roadway in front of him was not obstructed.

24. As a direct and proximate result of said collision, the Plaintiff has suffered damages.

25. The Defendant Motor Carrier placed the Defendant Driver in operation of the 2007 Peterbilt in full compliance with the Federal Motor Carrier Safety Regulations.

## IV. DEFENDANT'S ACTS OF NEGLIGENCE AND STATUTORY VIOLATIONS

26. Plaintiff avers that the Defendant Driver was guilty of the following acts of common law negligence in that he failed to:

    a. maintain the 2007 Peterbilt under proper and reasonable control;

    b. maintain a proper lookout for other vehicles on the roadway;

    c. operate the 2007 Peterbilt at an appropriate speed for the existing conditions;

    d. drive in a reasonable and prudent manner with regard for the control of the 2007 Peterbilt and traffic conditions on the roadway;

    e. see that which was there to be seen and take proper action with respect thereto.

27. Plaintiff avers that the Defendant Driver was negligent in violating the following statutes of the State of Tennessee which were in full force and effect at the time and place of the collision, constituting *negligence per se*:

    a. Was following the plaintiff vehicle more closely than was reasonable and prudent considering the speed of his vehicle and that of the plaintiff

4

Case 3:22-cv-00355   Document 1   Filed 05/16/22   Page 4 of 7 PageID #: 4

vehicle in violation of T.C.A. § 55-8-124.

    b.    Failed to exercise due care in violation of T.C.A. § 55-8-136.

## V. CAUSATION

28. Plaintiff avers that the Defendant Driver owed a duty of safe, careful, and lawful driving to Plaintiff, but that he breached that duty and was negligent on the date of the collision. The negligence of the Defendant Driver, as set forth above, directly and proximately caused the collision, resulted in injuries to Plaintiff, and caused the damages and losses here sought by the Plaintiff.

29. As a direct and proximate result of the negligence of Defendant Driver, the Plaintiff suffered serious, disabling, painful, and permanent bodily injuries, causing the Plaintiff to become liable for medical and other expenses and to suffer an impairment to his body.

30. The Defendant Motor Carrier pursuant to the law of the State of Tennessee is responsible for the actions of the Defendant Driver, including the legal principles of agency and respondent superior. Also, the Defendant is responsible for the actions of the Defendant Driver pursuant to federal law, including the Federal Motor Carrier Safety Administration Regulations.

## VI. INJURIES AND DAMAGES

31. As a direct and proximate result of the Defendant Driver's negligence, the Plaintiff alleges that they are entitled to damages, including but not limited, to the following specific items of damages:

    a.    Physical pain, both past and future;

    b.    Emotional suffering, grief and loss of enjoyments in life, both past

and future;

c. Health care expenses, both past and future;

d. Permanent impairment and partial disability;

e. Costs of this cause; and

f. All other general damages and other relief allowed under the laws of the Commonwealth of Kentucky to which they may be entitled.

## VII. RELIEF SOUGHT

**WHEREFORE, PLAINTIFF PRAYS:**

1. For a judgment against the Defendant for compensatory damages, in an amount to be determined, for the personal injury and disability suffered by the Plaintiff as a proximate result of the Defendant Driver's negligence in an amount over $75,001.00.

2. For costs of this matter to be taxed to the Defendant Motor Carrier.

3. For such other, further and general relief to which they may be entitled under the law.

Respectfully submitted,

QUEENER LAW

/s/Henry S. Queener
HENRY S. QUEENER, III
213 REP. JOHN LEWIS WAY, NORTH
SUITE 200
NASHVILLE, TN 37219
PHONE (615) 933-9000
FAX (615) 732-0063
HQUEENER@QUEENERLAW.COM
ATTORNEY FOR THE PLAINTIFF


HOWE & ASSOCIATES, LLC

/s/Kevin S. Brummett
KEVIN S. BRUMMETT
BPR # 023533
P.O. BOX 59
COTTONTOWN, TN 37048
PHONE (615) 752-7366
FAX (615) 628-4862
KBRUMMETT@HOWE.LAW
ATTORNEY FOR THE PLAINTIFF